IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REBECCA M. BELTRAN | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | C.A. NO.  5:22-cv-14 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC. | § | |
| Defendant | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Select Portfolio Servicing, Inc. ("SPS" or "Defendant") through undersigned counsel, hereby removes this case from the 45th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. Defendant denies the allegations of the Complaint and the damages contained therein, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

## I.     INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION

1.     Plaintiff Rebecca M. Beltran ("Plaintiff") commenced this action by filing a Petition, Cause No. 2021CI26321 in the 45th Judicial District Court of Bexar County, Texas (the "State Court Action").  See Exhibit C-1.  Plaintiff obtained an ex parte temporary restraining order on December 30, 2021 in the State Court Action.  See Exhibit C-3.  Defendant filed an answer on January 6, 2022 in the State Court Action.  See Exhibit C-5.  Defendant has not been formerly served with the Petition; therefore, this action is being removed less than 30 days following service of the Petition filed in the State Court Action and less than 30 days after

Defendant appeared in the State Court Action.  Accordingly, removal is timely under 28 U.S.C. §1446(b).[1]

## II.   PLEADINGS AND NOTICE TO STATE COURT

2.      True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal.  Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III.   STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

3.      This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1).  That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a)(1).  Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.  As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

## IV.   DIVERSITY JURISDICTION

### A.   Citizenship of the Parties

4.      This civil action involves a controversy between citizens of different states. Plaintiff is a citizen of the State of Texas.[2]

5.      Defendant, Select Portfolio Servicing, Inc. is a Utah Corporation.  A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center").  28 U.S.C. §1332(c)(1).  SPS is a

---

[1]   *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).
[2]   See Plaintiff's Original Petition (the "Complaint") at ¶ 3.

Utah corporation with its principal place of business in Salt Lake City, Utah.  SPS is not incorporated in Texas, nor is its principal place of business located in Texas.  Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.

6.      Since Plaintiff is a citizen of Texas and Defendant is a citizen of a state other than Texas, there is complete diversity of citizenship among the parties.[3]

**B.      <u>Amount in Controversy</u>**

7.      This case places an amount in controversy that exceeds the $75,000 threshold.  A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  *See* 28 U.S.C. § 1441(a).  Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332(a).

8.      When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.  *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996). If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.  *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).  The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.  *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).

---

[3]      *See* 28 U.S.C. § 1332(c)(1).

9.      Plaintiff has sought and continued to seek to enjoin Defendant from enforcing its contractual right of foreclosure on property located at 907 W. Amber Street, San Antonio, Texas 78211 (the "Property")[4].  Plaintiff also seeks unspecified money damages.[5]

10.     The value of the Property according to a recent appraisal of the Property is no less than $137,638.00.  See Exhibit D.

11.     Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[6]  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[7]  Plaintiff seeks relief which if successful would preclude enforcement of the contractual loan obligations and Trustee's right to foreclose on and take possession of the Property.

12.     "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[8]  "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[9]  Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[10]  Additionally, in determining the amount in controversy,

---

[4]     See Complaint under "Facts" for Identification of Property and "Temporary Restraining Order" and "Prayer" paragraphs for relief sought by Plaintiff.
[5]     See Complaint at "Prayer".
[6]     *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).
[7]     *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[8]     W*aller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).
[9]     *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[10]    *See Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).

4

the court may consider attorney's fees, penalties, statutory damages, mental anguish, harm to credit, and punitive damages.[11]

13.     It is apparent from the face of the Complaint that the claims exceed $75,000.00 given the value of the Property, the amount of the debt obligations, and Plaintiff's additional claims for money damages.

## V.     JURY DEMAND

14.     Plaintiff made no known jury demand in the State Court Action.

## VI.     CONCLUSION

15.     For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas  77002-2772
    Tel 713-220-9182 / Fax 713-223-9319
    E-mail: mhord@hirschwest.com
    Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

---

[11]   *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (stating "If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy"); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); see *Ray v. State Farm Lloyds*, No. CIV.A.3:98- CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith. *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

## <u>CERTIFICATE OF SERVICE</u>

On this 10th day of January 2022, I hereby certify that a true and correct copy of the foregoing Notice of Removal was forwarded as follows:

Ramon S. Rodriguez Jr.
Rodriguez & Garza, P.L.L.C.
247 W. Olmos Dr., Suite 200
San Antonio, Texas 78212
**Via Email and U.S. Mail**


/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

6